**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AMIR AKBAROV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2270-PRW** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Amir Akbarov, a noncitizen[1] and Uzbekistani national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 10, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Uzbekistan, entered the United States and applied for admission on or about June 23, 2023, near San Ysidro, California. Pet. at 1; Doc. 1-1 at 3 (Notice to Appear). Also on June 23, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid documents. Doc. 1-1 at 3, 6. Petitioner alleges he was detained and later released from ICE custody pursuant to 8 U.S.C. § 1182(d)(5) while he pursued his asylum claim. Pet. at 1-2. Petitioner alleges that after his release he complied with all conditions of parole, obtained employment authorization, and works as a truck driver. *Id*. at 2. After his release, Petitioner filed an application for asylum. *Id.*

On August 20, 2026, ICE re-detained Petitioner after taking custody of him from the Oklahoma Highway Patrol. *Id*. Petitioner alleges ICE is detaining him pursuant to 8 U.S.C. § 1225(b).[2] Pet. at 2. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

[2] Respondents do not allege which provision governs Petitioner's detention but concede that binding Tenth Circuit precedent, which holds noncitizens detained within the United States are detained pursuant to 8 U.S.C. § 1226(a), controls this case. Resp. at 1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 25, 2026).

## II. Petitioner's Claims

Petitioner asserts five counts in his Petition.

- **Count I: Violation of the Administrative Procedures Act ("APA").** Petitioner alleges his re-detention with no finding that he is a danger to the community or a flight risk is an abuse of discretion in violation of the APA. Pet. at 7-8.

- **Count II: Violation of the APA**. Petitioner alleges Respondents' decision to re-detain him without a "reasoned explanation for their action" violates the APA. *Id*. at 8-9 (citation modified).

- **Count III: Violation of Due Process**. Petitioner alleges his detention and revocation of parole without meaningful notice or rationale violates his right to due process. *Id*. at 9.

- **Count IV: Violation of the *Accardi* Doctrine**. Petitioner alleges Respondents failed to follow their own rules, statutes, and regulations when revoking Petitioner's parole and detaining him, in violation of the *Accardi* Doctrine. *Id*.

- **Count V: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those noncitizens, like him, who have already been paroled into the United States, and he is more properly detained under § 1226(a). Pet. at 10.

He asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents immediately release Petitioner." *Id*. at 11 (citation modified).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those, like him, who have already

been paroled into the United States. Pet. at 10. Rather, he alleges he is more properly detained pursuant to § 1226(a). Pet. at 10. Respondents maintain Petitioner is properly detained but concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter. Resp. at 1.

In *Santillan Quiroz*, the Tenth Circuit rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See, e.g.*, *Morales Castellanos v. Grant*, No. CIV-25-1490-PRW, 2026 WL 2243981, at *1 (W.D. Okla. Aug. 4, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

[3] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks immediate release. Pet. at 11; *see also* Reply at 1 ("Petitioner disputes that a bond hearing is the appropriate relief."). The undersigned, however, concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Morales Castellanos*, 2026 WL 2243981, at *1 (concluding § 1226(a) governs petitioner's detention and respondents must provide "an individualized bond hearing"). Further, Judges in this District have consistently declined to order burden shifting. *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). The undersigned is not persuaded by Petitioner's assertion that because Respondents concede Petitioner is entitled to a bond hearing based

---

F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

on binding Tenth Circuit precedent, that entitles him to release rather than a bond hearing; nor has he cited any authority supporting such an argument. Reply at 1-2. Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period. [4]

### C. The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his detention violates (1) the APA, (2) his right to due process, and (3) the *Accardi* Doctrine. Pet. at 7-9. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on his detention. *See, e.g.*, *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) ("The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing."); *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 2, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 7, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 25th day of September, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE