**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMIR AKBAROV,<br><br>Petitioner,<br><br>v.<br><br>ROBERT CERNA, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2270-PRW |

**<u>ORDER</u>**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Petitioner asserts that he is detained under 8 U.S.C. § 1226(a), which permits bond hearings, whereas ICE contends that he is detained under § 1225(b)(2)(A), which mandates detention. On September 25, 2026, Magistrate Judge Chris M. Stephens issued a Report and Recommendation (Dkt. 14) recommending that the Court grant in part Petitioner's request for habeas relief and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

Respondents object to the Report and Recommendation, but acknowledge that the Tenth Circuit's opinion in *Quiroz v. Mullin* compels the outcome.[1] That opinion limited § 1225(b)(2)(A)'s reach to aliens detained at the border.[2] Because the Petition alleges—

---

[1] Objs. to R&R (Dkt. 15), at 1.

[2] *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026).

and the government does not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. 14) and **GRANTS** the Petition **IN PART** (Dkt. 1).

The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[3]

**IT IS SO ORDERED** this 6th day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[3] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.